In Re: Appeal of Edward Caplan From the Northampton Township Zoning Hearing Board etc. Edward Caplan, Appellant.

Argued December 5, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*Donald B. McCoy, McCoy & Auchinleck, P.C.,* for appellant.

*Ronald J. Smolow, Groen & Smolow, P.C.,* for appellees/intervenors.

218

OPINION BY JUDGE WILLIAMS, JR., June 13, 1984:

Edward Caplan has appealed a judicial order, entered by the Court of Common Pleas of Bucks County, which affirmed a zoning-board decision requiring him to modify a radio tower he had erected on his property.

In August 1979, Mr. Caplan and his wife purchased a single-family residence in an "R-2" district of Northampton Township (Township), Bucks County. About a month later, in September of 1979, Mr. Caplan applied to the Township's zoning officer for a permit to erect a 70-foot-high radio tower in the rear of the Caplan property. Mr. Caplan is a "ham" radio operator. The specifications set forth in Caplan's application indicated that the radio tower would be supported by a single concrete block located in the center of his rear yard, and that the location of the block would not violate the open-space requirements of the Township's Zoning Ordinance. The application also represented that the total cost of the tower would be about $350.

On October 8, 1979, the zoning officer issued Caplan a permit, which, by its terms, allowed him to erect what had been described in the application: a 70-foot radio tower based in a concrete block, at an estimated cost of $350. Upon receiving his building permit, Mr. Caplan displayed it on the *side* door of his house—*where it was not clearly visible from the street*. The permit remained so displayed until the middle of November 1979, when it was removed completely. By that time Caplan had erected his tower to a height of 20 feet. Although he had other sections of the tower lying on the ground at the site, he did no further work on the tower between November 1979 and June of 1980.

On January 16, 1980, Ronald and Nan Smolow purchased a residence near the Caplans. The Smolows moved into their home on January 24, 1980. Several months later, in June 1980, Mr. Caplan resumed work on his tower; and proceeded to raise it to a height of *90* feet. He also added to the tower several sets of supporting guy-wires, which he moored to a series of concrete bases that had been installed level with the ground at various points in the yard. Mr. Caplan had the further intention of attaching, to the top of the tower, a horizontal boom having a length of up to 46 feet.[1]

On June 18, 1980, Ronald Smolow made a complaint to the zoning officer about Caplan's radio tower. Asserting that the tower violated several provisions of the Township's Zoning Ordinance, Smolow asked the zoning officer to revoke Caplan's building permit. When the zoning officer refused that request, Mr. and Mrs. Smolow filed an appeal to the Township's Zoning Hearing Board (Board). That appeal was filed on June 27, 1980.

At some time just prior to the Smolows' appeal to the Board, Caplan reduced the height of his tower to 70 feet—the height set forth in the permit. However, the appeal by the Smolows asserted that the tower, even at 70 feet, violated the height restrictions of the Zoning Ordinance. They further asserted, *inter alia,* that the locations of the guy-wire bases violated the setback requirements for rear yards and side yards; and that Caplan's application for the permit was false or misleading. The Smolows also contended that they did not learn of Mr. Caplan's permit until June 11, 1980, when he resumed work on the tower. Having

---

[1] Mr. Caplan conceded that the tower he was actually planning to build would cost more than *$700*—not the $350 he had indicated on his application for the permit.

made this contention, the Smolows were appealing not only from the zoning officer's refusal to revoke Caplan's permit, but also from the *issuance* of the permit.

After hearing the matter, the Board found that, under the circumstances, the time for appealing from the issuance of the permit did not begin to run against the Smolows until June 1980, when they first learned of the permit's existence. Thus, according to the Board, the appeal filed by the Smolows on June 27, 1980 was a timely administrative challenge, not only with respect to the zoning officer's refusal to revoke the permit but also as to his original issuance of it.

Regarding the merits of the case, the Board concluded that the Zoning Ordinance imposed a *35-foot limit* for the height of "structures" in the zoning district involved, and that Mr. Caplan's radio tower was a "structure" within the meaning of that regulation. Accordingly, the Board determined that Caplan's building permit, in allowing a tower height of 70 feet, violated the Township's Zoning Ordinance. The Board also agreed with the Smolows' contention that the concrete foundations for the guy-wires violated setback requirements. Another finding by the Board was that Mr. Caplan's application for the permit was incomplete and was either misleading or false.

Based on the foregoing findings and conclusions, the Board sustained the Smolows' appeal. By an order dated October 20, 1980, the Board directed Mr. Caplan to reduce his tower to 35 feet in height and to remove the guy-wires. As an alternative, Caplan was to remove the tower completely.[2] In response to the Board's order, Caplan filed an appeal to the Court of

---

[2] Among the various arguments rejected by the Board was Caplan's assertion that the permit gave him a *vested right* to keep his tower at a height of 70 feet.

Common Pleas of Bucks County. The Smolows intervened in that appeal.

The trial court, consisting of Judges GARB, LUDWIG and MIMS, heard the matter without taking additional evidence. Thereafter, by an order dated October 1, 1981, the trial court denied Caplan's appeal. From that order the appeal to our Court followed.

Our review of the record in this case and the applicable law, convinces us that the court below correctly identified and decided the governing issues of the matter. Therefore, we affirm the order here on appeal; and we do so on the able opinion from below by Judge HARRIET M. MIMS, reported at     Pa. D. & C. 3d     (   ).

ORDER

AND Now, the 13th day of June, 1984, the order of the Court of Common Pleas of Bucks County dated October 1, 1981, in the above matter, is hereby affirmed.